IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KARLOS MARSHALL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| V. | ) No. 3:13-cv-3120-K |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

MEMORANDUM OPINION AND ORDER

Petitioner Karlos Marshall ("Marshall"), a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion is denied.

I.

Marshall was convicted by a Northern District jury of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). His sentence, enhanced by two prior convictions pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e), was assessed at 180 months of imprisonment. Petitioner's conviction was affirmed on direct appeal, and certiorari review was denied. *See United States v. Marshall*, 487 F. App'x 895 (5th Cir. 2012), *cert denied*, 133 S. Ct. 900 (2013). Marshall then filed this timely motion under 28 U.S.C. § 2255.

II.

1

In two grounds for relief, Marshall contends that the Court erred in applying the Armed Career Criminal Act and that his appellate attorney was ineffective for failing to challenge the testimony of the federal case agent because she had been present throughout the entire trial.

A.

Marshall claims that the statutory definitions of "violent felony" and "serious drug offense" are applied in an inconsistent manner, that the Armed Career Criminal Act has a racially-disparate impact, that his prior convictions for delivery of a controlled substance do not constitute "serious drug offenses" under the statute, and that the prior convictions should have been submitted to a jury under *Alleyne v. United States*, 133 S. Ct. 2151 (2013).

Petitioner does not establish that the application of the Armed Career Criminal Act violated his constitutional rights in any way. First, his conclusory claims that the statutory definitions of "violent felony" and "serious drug offense" have generally led to inconsistent application and racially-disparate sentencing do not raise claims that may be remedied in a motion to vacate, set aside, or correct sentence. That is because a 28 U.S.C. § 2255 motion may only raise four grounds for relief: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28

U.S.C. § 2255; *see United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992) (quoting *Hill v. United States,* 368 U.S. 424, 427-28 & n.5 (1962)).  Petitioner does not establish that any alleged inconsistency or racially-disparate impact violated his constitutional rights in a way that may be remedied by a Section 2255 motion.

In addition, Marshall's claim that his prior sentences of conviction do not constitute "serious drug offenses" for purposes of the ACCA is without merit.  The Fifth Circuit has explained that the Texas offense of delivery of a controlled substance under Texas Health and Safety Code §§ 481.002(8) and 481.112 falls under the statutory definition of a serious drug offense under the ACCA and may therefore support the 924(e) enhancement.  *See United States v. Vickers*, 540 F.3d 356, 363-66 (5th Cir. 2008). In any case, Petitioner's complaint that the statutory definition of delivery of a controlled substance includes the offer to sell a controlled substance is misplaced.  That is because, as the explained at sentencing, Marshall entered into judicial confessions in both controlled substance convictions in which he admitted to actually delivering controlled substances.  *See United States v. Marshall*, No. 3:10-cr-158-K, Doc. No. 68 at 10-11; *see also United States v. Garcia-Arellano,* 522 F.3d 477, 481 (5th Cir. 2008) (a written judicial confession that expressly and specifically stated that the defendant did "actually transfer, constructively transfer and offer to sell controlled substance" sufficed to show that the offense qualified as a "drug trafficking offense" under USSG section 2L1.2(b)(1)(A)(i)).

3

Petitioner's reliance upon the Supreme Court's ruling in *Alleyne* also does not justify collateral relief. *Alleyne* explicitly relied on *Apprendi v. New Jersey,* 530 U.S. 466 (2000) and held that, generally, any fact that increases the mandatory minimum of a sentence must be found by a jury. *Alleyne*, 133 S. Ct. at 2155. However, the *Alleyne* court expressly excluded from its holding the "narrow exception to this general rule for the fact of a prior conviction." *Id.* at 2160 n.1. As for this narrow exception, *Apprendi* held, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury." *Apprendi*, 530 U.S. at 490. Determining whether a prior conviction qualifies as a violent felony or serious drug offense under 18 U.S.C. 924(e) does not raise *Apprendi* concerns because the Court "is engaging in statutory interpretation, not judicial factfinding." *James v. United States*, 550 U.S. 192, 214 (2007).

Consequently, Marshall's challenge to the application of the Armed Career Criminal Act is overruled.

B.

Marshall also claims that he received ineffective assistance of appellate counsel when his attorney, Kevin Joel Page, failed to argue that his constitutional rights were violated when the federal case agent was permitted to testify despite having been present during the entire trial. The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of

4

a criminal proceeding. *See Cuyler v. Sullivan,* 446 U.S. 335, 344 (1980). In order to obtain post-conviction relief due to ineffective assistance of counsel, a petitioner must satisfy the two-prong test established in *Strickland v. Washington,* 466 U.S. 668 (1984). First, the petitioner must demonstrate that counsel's performance fell below an objective standard of reasonable professional service. *Id.* at 687. Second, he must establish that he was prejudiced by his attorney's substandard performance. *Id.* at 691-92. There is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. *See Romero v. Lynaugh,* 884 F.2d 871, 876 (5th Cir. 1989).

In order to prove ineffective assistance of appellate counsel, a defendant must show that the decision not to raise an issue on appeal fell below an objective standard of reasonableness. *See United States v. Phillips,* 210 F.3d 345, 348 (5th Cir. 2000). This reasonableness standard requires counsel "to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful." *Id.* (quoting *United States v. Williamson,* 183 F.3d 458, 462 (5th Cir. 1999)). "The Constitution does not require appellate counsel to raise every nonfrivolous ground that might be pressed on appeal." *Ellis v. Lynaugh,* 873 F.2d 830, 840 (5th Cir. 1989); *see also Jones v. Barnes,* 463 U.S. 745, 751 (1983). Instead, counsel is obligated only to raise and brief those issues that are believed to have the best chance of success. *See Schaetzle v. Cockrell,* 343 F.3d 440, 445 (5th Cir. 2003); *Williamson*, 183 F.3d at 463.

Marshall cannot establish that his attorney was ineffective for failing to challenge

the alleged violation of "The Rule," Federal Rule of Evidence 615.  Rule 615 does not authorize the exclusion of certain persons, including "a police officer who has been in charge of an investigation[.]" *See United States v. Payan*, 992 F.2d 1387, 1394 (5th Cir. 1993).  The plain text of the rule permits a case agent, such as Special Agent Heather Camune, to remain in the courtroom despite invocation of Rule 615.  *See* FED. R. EVID. 615(b) & (c); *see also United States v. Cueto*, 611 F.2d 1056, 1061 (5th Cir. 1980). Marshall has not established that he received deficient representation when his appellate lawyer failed to raise this meritless claim.  *See Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to raise a frivolous point").

### III.

For the foregoing reasons, the instant motion to correct, vacate, or set aside sentence filed pursuant to 28 U.S.C. § 2255 is DENIED.

**SO ORDERED.**

**SIGNED** this 11th day of December, 2013.

*Ed Kinkeade*
**ED KINKEADE**
**UNITED STATES DISTRICT JUDGE**